IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Ferdinand Cruz Mendez, et al

    Plaintiffs

          v.                                **Civil No. 09-1461 (SEC)**

Hospital General Castañer, Inc., et al

    Defendants

**OPINION and ORDER**

Pending before this Court is Plaintiffs' Notice of Voluntary Dismissal Without Prejudice (Docket # 8), Defendants' opposition thereto, and request for dismissal with prejudice (Docket # 9). After reviewing the filings, and the applicable case law, Defendants' request for dismissal with prejudice is **DENIED**, and the instant case is **DISMISSED without prejudice** pursuant to Plaintiffs' notice of voluntary dismissal.

**Factual and Procedural Background**

The instant case was removed from state court on May 21, 2009. Docket # 1. Shortly thereafter, Defendants Anibal Toledo-Velez, and Hospital General de Castañer filed a motion to dismiss. Docket # 7. According to Defendants, Plaintiff improperly filed this suit against them, insofar as they are covered entities under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 2339(g)-(n), and the United States of America is the proper defendant in a suit arising under said statute. Defendants further contend that Plaintiffs failed to exhaust administrative remedies. Based on the foregoing, Defendants argue that this Court lacks subject-matter jurisdiction, and thus dismissal under FED. R. CIV. P. 12(b)(1) is proper. On June 25, 2009, Plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice (Docket # 8), which Defendants oppose. For the reasons set forth in the motion to dismiss, Defendants argue that dismissal with prejudice is warranted. Docket # 9.

**Standard of Review**

FED. R. CIV. P. 41(a)(1)(a) grants plaintiff an absolute right to voluntarily dismiss an action, without a court order: (i) before the adverse party files either an answer, or a motion for summary judgment, or (ii) when the stipulation of dismissal is signed by all parties. See Nogueras-Cartagena v. Rossello-Gonzalez, 182 F.R.D. 380, 383 (D.P.R. 1998). In either of these cases, dismissal is without prejudice, except where the plaintiff previously dismissed any federal or state court action based, or related to the same claim, in which case the notice of dismissal is considered an adjudication on the merits. Rule 41(a)(2) governs the terms and conditions of dismissal when the defendant has filed an answer or motion for summary judgment. Specifically, said section provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper...[u]nless otherwise specified in the order, a dismissal under this paragraph is also without prejudice." Fed. R. Civ. P. 41(a)(2). Therefore, it is within the district court's sound discretion.

Since Rule 41(a)(1)(A) permits dismissal as of right, it requires only notice to the court, not a motion, thus the court's permission is not required. Woody v. City of Duluth, 176 F.R.D. 310, 313 (D.Minn. 1997) (citing Safeguard Business Systems, Inc. v. Hoeffel, 907 F.2d 861, 863 (8th Cir. 1990). Accordingly, Rule 41 should be "construed strictly and exclusively," when applied to a plaintiff's right to voluntary dismissal. Id.; see also  Brackett v. State Highways & Transp. Comm'n, 163 F.R.D. at 307. Moreover, if the court intends to dismiss with prejudice, the plaintiff must be given notice, and the opportunity to withdraw the request for voluntary dismissal. Id. (Citations omitted).

In the instant case, Defendants filed a motion to dismiss under Rule 12(b)(1). However, the First Circuit has held that "[a] motion to dismiss is not considered a responsive pleading."

**CIVIL NO. 09-1461 (SEC)**                                                                 Page 3

U.S. v. Karvelas-Wakefield Hosp., 360 F. 3d 220, n. 29 (1st Cir. 2004) (citing Leonard v. Parry, 219 F.3d 25, 30 (1st Cir. 2000); see also Brackett v. State Highways & Transp. Comm'n, 163 F.R.D. 305, 307 (D.Mo. 1995); Esquivel v. Arau, 913 F. Supp. 1382, 1386 (D.C.Cal. 1996) (finding that "[a] motion to dismiss is 'neither an answer nor, unless accompanied by affidavits discussing matters outside the pleadings that are not excluded by the court, a motion for summary judgment,' and thus does not terminate the plaintiff's right of dismissal by notice"). Therefore, "a plaintiff's right of voluntary dismissal under Rule 41(a)(1) is not terminated by the filing of a Rule 12 motion to dismiss by the defendant," insofar as it does not constitute an answer to the complaint. Esquivel v. Arau, 913 F. Supp. at 1386.

Notwithstanding, a motion to dismiss for failure to state a claim, arising under Rule 12(b)(6), may be converted to a motion for summary judgment, if the district court relies on materials outside the complaint, aside from documents incorporated by reference in the complaint, matters of public record, and other matters susceptible to judicial notice. Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2009) (citing Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008).[1] However, Defendants filed a motion to dismiss under Rule 12(b)(1), contesting this Court's subject-matter jurisdiction. Courts have held that a motion to dismiss pursuant to Rule 12(b)(1) cannot be treated as a motion for summary judgment.

---

[1] The last sentence of Rule 12(b) provides:"[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." However, the First Circuit has held that "if the district court chooses to ignore supplementary materials submitted with the motion papers and determine the motion under the Rule 12(b)(6) standard, no conversion occurs and the supplementary materials do not become part of the record for purposes of the Rule 12(b)(6) motion." Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d at 321. Therefore, the court has ample discretion in determining whether a motion to dismiss will be considered as such, or will be converted to a motion for summary judgment. Buck v. Am. Airlines, Inc., 476 F.3d 29, 38 (1st Cir. 2007).

**CIVIL NO. 09-1461 (SEC)**                                                      Page 4

National Cement Co. v. Mead Corp., 80 F.R.D. 703, 704 (S.D.N.Y. 1978) (citations omitted). Specifically, this district has found that in ruling on a Rule 12(b)(1), "the court, without conversion, may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000). As a result, "the principle of conversion of a motion to dismiss into a motion for summary judgment when extrinsic materials are reviewed, does not apply in regards to a motion to dismiss for lack of subject matter jurisdiction." Cintron-Alonso v. GSA Caribbean Corp., 602 F. Supp. 2d 319, 322 (D.P.R. 2009); see also Perez-Ramos v. Spirit Airlines, Inc., Civil No. 08-1574, 2009 U.S. Dist. LEXIS 54364, * 4 (D.P.R. 2009). Thus the sworn declaration accompanying Defendants' motion to dismiss does not require this Court to convert their motion into one for summary judgment. Accordingly, Defendants' motion cannot be treated as a motion for summary judgment for purposes of precluding Plaintiffs from voluntarily dismissing the instant case under Rule 41(a)(1)(A).[2]

Finally, this Court notes that despite numerous amendments to Rule 41, Congress has not expressly included motions to dismiss within the category of motions that defeat plaintiff's right to voluntary dismissal without a court order. See Wright & A. Miller, Federal Practice & Procedure, Civil 3d § 2363, n.21. Thus it is unwarranted to extend the meaning of Rule 41.

Considering the above, this Court finds that insofar as Defendants have not answered the complaint, nor filed a motion for summary judgment, Plaintiffs have the right to voluntarily dismiss their suit without prejudice pursuant to Rule 41(a)(1)(A).

---

[2] Also, despite filing an opposition to Plaintiff's notice of voluntary dismissal, and Rule 41(a)(1)(a) clear language, Defendants have not requested that their motion to dismiss be converted into one for summary judgement.

**CIVIL NO. 09-1461 (SEC)**                                                                                                    **Page 5**

**Conclusion**

Based on the foregoing, this Court denies Defendants' request for dismissal with prejudice. Per Plaintiffs' notice of voluntary dismissal, the instant case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of July, 2009.

                                                              *S/ Salvador E. Casellas*
                                                               SALVADOR E. CASELLAS
                                                               United States District Judge